Garland, J.
delivered the opinion, of the court..
This action is on a policy of insurance on fourteen hogsheads of zinc shipped on the Sylvanus Jenkins from New-York to New Orleans, which [85] the plaintiffs alleged was damaged by salt water. They claim $859 67, with interest.
The defendants plead the general issue; and further that the zinc was shipped on board of a vessel that drew so much water she could not enter the mouth of the Mississippi, in consequence of which she grounded; a portion of the cargo was discharged into a steam towboat, of which these fourteen hogsheads of zinc were a part. They say if any damage was suffered, it was because of this discharging of the vessel and that there should be a general average. There was judgment for the plaintiffs and the defendants appealed.
The defendants’ counsel has urged us to decide upon a bill of exception he took to the admission of the depositions of the captain and mate of the vessel, on the ground that he had not reasonable notice of the time and place of taking the testimony. "We incline to the opinion that the evidence of notice was not sufficient, but it is a matter of no consequence, as we think there is evidence enough to sustain the judgment without these depositions.
It is satisfactorily proved that the zinc was shipped from New-York in good order, and when it arrived in New Orleans it was damaged by salt water, much rusted and corroded. Nothing but salt water will make it corrode. There is no evidence the ship drew too much water to enter the river at usual tides but the fact that she grounded and had to take out part of her cax’go. Vessels often get aground at the mouth of the Mississippi that do not draw too much water to get over the bar. That the zinc was corroded by salt water raises a strong presumption it was damaged at sea. If the insurance company had wished it, they could have had the captain and officers of the towboat examined to show the damage was done aboard of it. They have hot endeavored to obtain the evidence to make out the defence..
The judgment of the commercial court is therefore affirmed, with costs.